

FILED

CLERK, U.S. DISTRICT COURT

2/25/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____ER_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Maryann Watkins in Prose,
215 Mc Cubbins Road
Knoxville TN 37924
(760) 912-0584
the_inventorinc@yahoo.com
Michael Watkins in Prose,
215 Mc Cubbins Road
Knoxville TN 37924
(760) 684-5542

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

MARYANN WATKINS, Michael Watkins
       Plaintiffs,

   vs.

CALIFORNIA DEPARTMENT OF
HOUSING AND COMMUNITY
DEVELOPMENT
       Defendants.

Case No. 2:22-CV-07286-FLA-RAO

MOTION FOR LEAVE TO AMEND BASED
ON THE OBJECTION AND INSTRUCTION
OF THE JUDGE WHO STATED THERE
WAS NOTHING NEW THAT HE COULD
RULE ON AND THAT THE ACCEPTANCE
WAS WITHOUT PREJUDICE SEE
OBJECTION SUBMITTED HERE WITH

PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED
COMPLAINT

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)

NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Maryann Watkins and Michael Watkins ("Plaintiffs"), proceeding in pro se, hereby move this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a Fourth Amended Complaint. The proposed Fourth Amended Complaint is attached hereto.

This Motion is made on the following grounds:

1. This case was dismissed without prejudice. The Court never ruled that Plaintiffs' claims lack merit. The dismissal was based on how the claims were pleaded, not on whether wrongs were committed.

2. Rule 15(a)(2) instructs that leave to amend shall be "freely" given "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962).

3. The proposed Fourth Amended Complaint is substantially different from all prior complaints. It has been restructured from the ground up to properly present the constitutional violations that Defendants have committed and continue to commit against Plaintiffs.

4. The constitutional violations are ongoing. As of the date of this filing, HCD continues to obstruct Plaintiffs' lawful right to build a manufactured home on their own property at 32121 Quirk Road, Acton, California. The County of Los Angeles approved their plans within its jurisdiction. HCD has blocked them for years through fabricated correction notices, requirements with no basis in law, threats, and obstruction of third-party alternatives. This wrong has never been remedied.

5. Plaintiffs have never had a single claim heard on the merits. Every dismissal has been procedural. The individual state officials who fabricated reports, issued threats, and deliberately obstructed Plaintiffs' property rights have never been required to answer for their conduct in a court of law. Fundamental justice requires that Plaintiffs be permitted to present their properly pleaded claims.

6. Defendants suffer no prejudice. They have been on notice of these claims since October 2022. No evidence has been lost. No witnesses have become unavailable.

MEMORANDUM OF POINTS AND AUTHORITIES

I. THE STANDARD FOR LEAVE TO AMEND

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has held that this mandate is to be applied with liberality. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be denied only upon showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Id.

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Ninth

Circuit has held that this liberal construction survives the Iqbal/Twombly pleading standard. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

The Ninth Circuit has specifically held that dismissal of a pro se complaint without leave to amend is improper unless the court determines that amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## II. THE FOURTH AMENDED COMPLAINT IS SUBSTANTIALLY DIFFERENT FROM ALL PRIOR COMPLAINTS

The proposed Fourth Amended Complaint is not a rehash of prior pleadings. It has been restructured from the ground up. Among the material changes:

A. The complaint removes causes of action that are not cognizable in federal civil rights litigation, such as "extortion," "simulation of process," and "obstruction of justice" as standalone civil claims. These have been replaced with properly stated constitutional causes of action under 42 U.S.C. § 1983 and the Tom Bane Civil Rights Act.

B. The complaint properly names individual defendants in their personal and official capacities and alleges each individual's specific personal acts that violated Plaintiffs' constitutional rights.

C. The complaint alleges continuing acts of obstruction within the statute of limitations period.

D. The complaint alleges facts showing the ongoing nature of the injury — HCD continues to this day to claim authority over Plaintiffs' manufactured home construction while simultaneously obstructing Plaintiffs' ability to complete the project.

## III. AMENDMENT IS NOT FUTILE

Plaintiffs have viable constitutional claims. The Constitution of the United States guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Here, the allegations are that state officials fabricated correction notices, demanded compliance with requirements that have no basis in any statute or regulation, explicitly threatened Plaintiffs, and systematically obstructed Plaintiffs' lawful building permit — all without citing a single rule of law that Plaintiffs violated. These facts, if proven, constitute clear violations of the Fourteenth Amendment.

The Fifth Amendment, applied to the States through the Fourteenth, provides that private property shall not "be taken for public use, without just compensation." Here, Defendants have effectively deprived Plaintiffs of the use

of their property through regulatory obstruction that serves no legitimate purpose.

The First Amendment protects the right to petition the government for redress. Plaintiffs allege that when they exercised this right by challenging false corrections and notifying supervisors, Defendants retaliated by escalating their obstruction and issuing threats.

The Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, provides a state-law remedy when persons, whether or not acting under color of law, interfere with constitutional rights by threat, intimidation, or coercion. Here, Defendant Sal Poidomani explicitly threatened that Plaintiff "will never get approval" unless Plaintiff submitted to his arbitrary demands. This is precisely the conduct the Bane Act was enacted to address.

Amendment would not be futile. These are serious constitutional claims supported by specific factual allegations.

## IV. THERE IS NO UNDUE DELAY, BAD FAITH, OR PREJUDICE

Plaintiffs are pro se. They are not lawyers. The prior complaints contained the right facts but organized them in ways that did not meet federal pleading standards. The time since the March 2025 dismissal was spent understanding what the Court required and restructuring the complaint accordingly. There is no bad faith here — Plaintiffs are American citizens trying to vindicate their constitutional rights.

Defendants are not prejudiced. They have known about these facts since 2022. Allowing amendment is more efficient than requiring Plaintiffs to file an entirely new lawsuit — which they have the right to do, since the dismissal was without prejudice.

## V. COMPLIANCE WITH LOCAL RULES

Pursuant to Local Rule 7-3, Plaintiffs certify that prior to filing this Motion, Plaintiff [contacted QUINTAN LUCAS on 2-18-26] Defendants' counsel at the Office of the California Attorney General to discuss the substance of this Motion and request a stipulation. [Quintan Lucas Refused to meet and confer even though Plaintiff called and emailed including sending documents for meet and confer.]

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant leave to file the Fourth Amended Complaint attached.

Dated: 2-18-26

Maryann Watkins

Michael Watkins